UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY,<br><br>    Plaintiff,<br><br>    v.<br><br>NORUM, et al.,<br><br>    Defendants. | Case No. 14-cv-02767-VC<br><br>**ORDER GRANTING MOTIONS TO FILE AMENDED COMPLAINT; CONSTRUING MOTION AS AMENDED COMPLAINT AND SERVING COGNIZABLE CLAIMS; GRANTING PLAINTIFF'S REQUEST TO WITHDRAW CLAIM AGAINST BARNES; DIRECTING PERSONAL SERVICE OF PROCESS ON DEFENDANT NORUM**<br><br>Re: Dkt. Nos. 26, 34, 45 |

Plaintiff Christopher Lipsey, an inmate incarcerated at Corcoran State Prison, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that employees of Pelican Bay State Prison, where Lipsey was previously incarcerated, violated his constitutional rights. On December 1, 2014, the Court reviewed Lipsey's complaint, found that he had stated a cognizable Eighth Amendment claim against Dr. Vance Norum[1] for deliberate indifference to Lipsey's serious medical needs and a cognizable claim against Warden Barnes for failing to deliver to Lipsey three boxes of his legal papers. Subsequently, Lipsey notified the Court that he received his legal papers and, therefore, requested to withdraw his claim and motion for preliminary injunction against Barnes. The Court grants this request; the claim against Barnes is dismissed and the motion is denied as moot.

---

[1] The Court ordered service of the complaint on Norum, but the Court's mail was returned as undeliverable because Norum was no longer at Pelican Bay. Norum was personally served at a different address by the United States Marshal in another case filed against him. The Court will direct the Marshal to personally serve Norum at his new address.

1 The Court also found that Lipsey had not stated a cognizable Eighth Amendment claim based on allegations that noise from a suicide prevention device prevented him from sleeping because he failed to allege that any official knew that the device caused him sleep deprivation and failed to remedy it. Nor did he state a cognizable Fourteenth Amendment claim based on allegations of lack of access to the law library because he failed to state any action by the defendants that caused him injury.

In his motion to file an amended complaint, which the Court construes to be the amended complaint, Lipsey attempts to remedy these deficiencies. Lipsey also files a document entitled, "Motion in Furtherance of Justice," which appears to be a request for the Court to review his amended complaint. To the extent it makes this request, it is granted. The Court now reviews the amended complaint.

## DISCUSSION

### I. Standard of Review

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if

he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

But there is no respondeat superior liability under Section 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

**II. Lipsey's Allegations**

In his amended complaint, Lipsey alleges that Sgt. B. Evert, Correctional Counselor II A. Bond, Chief Deputy Warden C.E. Ducart, Appeal Examiner J. Benavidez, Chief Officer of Appeals J.D. Lozano and Secretary of the California Department of Corrections and Rehabilitation Jeffrey Beard were aware of the fact that the suicide prevention device was causing him sleep deprivation and did nothing to remedy it. To explain how these individuals had knowledge of his sleep deprivation, Lipsey refers to the administrative appeals he attaches to his amended complaint, which show the following. Sgt. Evert reviewed and denied Lipsey's first level administrative appeal about the device waking him every fifteen minutes and causing him sleep deprivation. Counselor Bond interviewed Lipsey at the second level of this appeal and Warden Ducart reviewed and denied it. Appeals Examiner Benavidez and Chief of Appeals Lozano reviewed and denied the appeal at the third level of review.

The fact that Counselor Bond interviewed Lipsey about his claim does not show that he acted with deliberate indifference. Neither the amended complaint nor attached appeals mention Secretary Beard. Therefore, the sleep deprivation claim against Bond and Beard is dismissed without leave to amend. That Evert, Ducart, Benavidez, and Lozano reviewed and denied Lipsey's appeals shows that they were aware of his allegations that the device constantly woke him, caused him to be sleep deprived, and yet did nothing to remedy the situation. Liberally

construed, this appears to be sufficient to allege an Eighth Amendment claim for deliberate indifference to a prison condition endangering Lipsey's health.

In regard to the claim about lack of access to the law library, Lipsey alleges: (1) one of his complaints was dismissed for failure to satisfy a technical requirement of which he was unaware because of deficiencies in the prison law library; (2) he was stymied by the inadequacies in the law library from filing other complaints; and (3) he was prevented from responding to the defendants' arguments in his other civil actions because the law library did not have the cases they cited.

Lipsey's exhibit number 2, a request for an interview about legal reference books, contradicts these allegations. This exhibit shows that Lipsey asked if Pelican Bay had the fourth edition of California Reports and the third edition of the Federal Reporter. S. Shaw responded to this request by stating that the law library had the second and third editions of California Reports in hardbound books, the fourth edition on-line and the third edition of the Federal Reporter, up to volume 357.[2] Shaw also stated that she could "print any of these cites for you form computer," and attached a request form for Lipsey. Contrary to Lipsey's allegations this exhibit shows that he had access to most federal appellate opinions and all of the California Supreme Court opinions.

Lipsey also alleges that he was looking for a Ninth Circuit case addressing equitable tolling of habeas petitions that was published after volume 357 and, because the law library did not have it, he could not argue that equitable tolling applied to him and his petition was dismissed. However, many opinions addressed equitable tolling of habeas petitions before 2004, when volume 357 was published. *See e.g., Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.") (citing *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir. 1998); *Alavarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). Therefore, Lipsey's alleged failure to find one particular case did not prevent him from presenting an equitable tolling argument.

Lipsey's allegations, even liberally construed, fail to state a claim for lack of access to the

---

[2] Volume 357 contains opinions issued through the beginning of 2004.

4

courts.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The Court grants the motion to file an amended complaint, construes the motion as an amended complaint and directs the Clerk to file it on the Court's docket as an amended complaint. The Court construes the "Motion in Furtherance of Justice" as a request for the Court to review the amended complaint, which is granted.  Dkt. Nos. 34 and 45.

2. The Eighth Amendment claim based on sleep deprivation against Bond and Beard is dismissed with prejudice.  The First Amendment claim based on lack of access to the courts is dismissed against all defendants with prejudice.  The motion for a preliminary injunction against Barnes is denied as moot.

3. Lipsey's allegations based on sleep deprivation appear to state a cognizable Eighth Amendment claim for deliberate indifference against Evert, Ducart, Benavidez, and Lozano.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1), amended complaint (docket no. 34) and all attachments thereto and a copy of this Order to Evert, Ducart, Benavidez and Lozano at Pelican Bay.  The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Lipsey.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Lipsey, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date

5

1 on which the request for waiver was sent. (This allows a longer time to respond than would be
2 required if formal service of summons is necessary.)

3     Defendants are advised to read the statement set forth at the foot of the waiver form that
4 more completely describes the duties of the parties with regard to waiver of service of the
5 summons. If service is waived after the date provided in the Notice but before Defendants have
6 been personally served, the answer shall be due sixty days from the date on which the request for
7 waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

8     6. The following briefing schedule shall govern dispositive motions in this action:

9     a. No later than thirty days from the date the answer is due, Defendants shall file a
10 motion for summary judgment or other dispositive motion. If Defendants file a motion for
11 summary judgment, it shall be supported by adequate factual documentation and shall conform in
12 all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case
13 cannot be resolved by summary judgment, they shall so inform the Court prior to the date the
14 summary judgment motion is due. All papers filed with the Court shall be promptly served on
15 Lipsey.

16     At the time of filing the motion for summary judgment or other dispositive motion,
17 Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th
18 Cir. 2012), and provide Lipsey with notice of what is required of him to oppose a summary
19 judgment motion.

20     b. Lipsey's opposition to the motion for summary judgment or other dispositive
21 motion shall be filed with the Court and served on Defendants no later than twenty-eight days
22 after the date on which Defendants' motion is filed.

23     Before filing his opposition, Lipsey is advised to read the notice that will be provided to
24 him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure
25 and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come
26 forward with evidence showing triable issues of material fact on every essential element of his
27 claim). Lipsey is cautioned that because he bears the burden of proving his allegations in this
28 case, he must be prepared to produce evidence in support of those allegations when he files his

6

1  opposition to Defendants' summary judgment motion.  Such evidence may include sworn

2  declarations from himself and other witnesses, and copies of documents authenticated by sworn

3  declaration.  Lipsey will not be able to avoid summary judgment simply by repeating the

4  allegations of his FAC.

5        c. Defendants shall file a reply brief no later than fourteen days after the date

6  Lipsey's opposition is filed.

7        d. The motion shall be deemed submitted as of the date the reply brief is due.  No

8  hearing will be held on the motion unless the Court so orders at a later date.

9      7. The Clerk shall issue a summons for Dr. Vance Norum at 16 Cedros Avenue, Salinas,

10  California, and send to the United States Marshal a packet of documents (i.e., the summons, a

11  copy of the complaint, amended complaint, the order of service (docket no. 28) and this order) for

12  service of process.

13      8. The Marshal must attempt to serve process **by hand delivery** on Norum at 16 Cedros

14  Avenue, Salinas, California.

15      9. No later than **twenty-one days from the date of the Order**, the Marshal shall file either

16  (a) a USM-285 "process receipt and return" form showing that personal service of process was

17  accomplished, or (b) a written report describing all his efforts to serve Norum at the 16 Cedros

18  Avenue address.

19      10. If the Marshal is successful in serving Norum, his answer and dispositive motion are

20  due in accordance with the schedule set forth above and he shall coordinate with the above-

21  mentioned defendants in filing one dispositive motion.

22      11. Discovery may be taken in this action in accordance with the Federal Rules of Civil

23  Procedure.  No further court order pursuant to Rule 30(a)(2) is required before the parties may

24  conduct discovery.

25      12. All communications by Lipsey with the Court must be served on Defendants, or

26  Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

27  Defendants or counsel.

28      13. It is Lipsey's responsibility to prosecute this case.  Lipsey must keep the Court

United States District Court
Northern District of California

informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

      14.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

      **IT IS SO ORDERED**.

Dated:  March 30, 2015

_____
VINCE CHHABRIA
United States District Judge